UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES TOLLIVER; J.T., a minor by and through her guardian ad litem CHARLES TOLLIVER; and T.M., a minor by and through her guardian ad litem NANCY MARRIOTT-TOLLIVER,

Plaintiffs,

v.

LYON COUNTY SCHOOL DISTRICT, and CITY OF YERINGTON,

Defendants.

Case No. 3:18-cv-00003-LRH-WGC

ORDER

Plaintiffs T.M. and J.T. move for leave to file their petitions to compromise minor's claim under seal.[1] ECF No. 42. Plaintiffs, through their guardians, have already filed the petitions with the court. ECF Nos. 43, 44. Defendants Lyon County School District and City of Yerington filed non-oppositions to the motion and to the petitions. ECF Nos. 45, 46.

To begin, the court is familiar with the facts of this case through the multiple filings and a previously held hearing. Thus, the court will not provide a history of the case to ensure that the confidential information related to the minor plaintiffs and the settlement of their claims remains private. The court instead turns immediately to plaintiffs' motion for leave to file under seal and then to the petitions to compromise the minors' claims.

---

[1] Because plaintiffs T.M. and J.T. are minors, the court refers to them by their initials throughout this order. *See* Fed. R. Civ. P. 5.2(a).

1

## I. MOTION FOR LEAVE TO FILE UNDER SEAL

The court first turns to plaintiffs' motion for leave to file their petitions under seal. The Ninth Circuit recognizes a strong presumption of public access to judicial records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party moving to file a document under seal must overcome that strong presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption in the context of a non-dispositive motion, the moving party must show good cause exists for maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1179–80. To overcome the presumption in the context of a dispositive motion, the moving party must show compelling circumstances exist to support maintaining the secret nature of the documents. *Id.* at 1180.

Nevada Revised Statute ("NRS") § 41.200 permits a minor's parent or guardian to compromise the minor's claim for money against a third person. Nev. Rev. Stat. § 41.200. The petition to compromise the claim must include certain information, including the minor's name, age, and address as well as the financial information related to settling the claim. *Id.* Because such information is required for plaintiffs' petitions, the court finds compelling circumstances exists to overcome the presumption of public access. The court therefore grants plaintiffs' motion for leave to file the petitions under seal.

## II. PETITIONS TO COMPROMISE MINOR'S CLAIM

The court now turns to the petitions to compromise the minors' claims. A compromise is "[a]n agreement between two or more persons to settle matters in dispute[.]" COMPROMISE, Black's Law Dictionary (10th ed. 2014). In Nevada, a parent or guardian may petition a court to compromise a minor's disputed claims for money against a third party. Nev. Rev. Stat. § 41.200. The petition must include specific information, such as the minor's identifying information and the settlement amount. *Id.* § 41.200(2)(a)-(h). If the court approves the petition, the court must either direct the settlement money to be paid to the parent or guardian, or appoint a guardian to whom the settlement money can be paid. *Id.* § 41.200(4). The court determines how to direct the payment of the settlement money by considering the best interests of the minor. *Id.* Once the

parent or guardian receives the settlement money, he or she must establish a blocked financial investment[2] with the proceeds for the minor's benefit. *Id.* § 41.200(5). The parent or guardian must file proof that the blocked financial investment has been established within thirty days of receiving the settlement proceeds and must also file an annual verified report detailing the activities of the investment for the previous twelve months if the investment balance exceeds $10,000. *Id.*

The court finds that each petition in conjunction with the attached exhibits satisfies the requirements of NRS § 41.200 by including all necessary information. The court also finds that the terms of the compromise are reasonable and appear to be in the best interest of T.M. and J.T. Based on the forgoing, and in conformance with plaintiffs' request, the court makes the following findings as to both T.M. (ECF No. 43) and J.T.'s (ECF No. 44) petitions:

(1) The court approves the compromise and settlement of the minor's claims against Lyon County School District and City of Yerington for the total sum identified in the petition as a result of the injuries alleged in plaintiffs' complaint. All attorneys' fees and costs shall be paid by defendants directly to the attorneys and shall not be paid from the minor's share of the settlement proceeds.

(2) The court approves the payment of the net settlement proceeds in the sum identified for the minor in the petition to the petitioner. The total sum for the minor is to be held at the entity identified in the petition at paragraph seven in a blocked financial investment, which may include but is not limited to, a bank savings account, certificate of deposit, United States savings bond, fixed or variable annuity contract, 529 education savings plan, or other reliable investment approved by the Court. The sums shall not be withdrawn without court order or certification that the minor has attained 18.

---

[2] "[T]he term 'blocked financial investment' means a savings account established in a depository institution in [the state of Nevada], a certificate of deposit, a United States savings bond, a fixed or variable annuity contract, or another reliable investment that is approved by the court." Nev. Rev. Stat. § 41.200(8).

3

(3) The court waives the necessity of a bond or guardianship and further waives the necessity of periodic reports with the court so long as the petitioner files proof with the court that a blocked financial investment account has been established for the minor's benefit within thirty days of receiving the settlement funds. When filing proof with the court, the petitioner must include the name and location of the investment account.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to file petitions to compromise minor's claim under seal (ECF No. 42) is **GRANTED.**

IT IS FURTHER ORDERED that the court **approves** the petition to compromise T.M.'s claim (ECF No. 43) in accordance with the findings above. The court instructs the petitioner to file proof that a blocked financial investment account has been established with the settlement funds within thirty days of receiving said funds.

IT IS FURTHER ORDERED that the court **approves** the petition to compromise J.T.'s claim (ECF No. 44) in accordance with the findings above. The court instructs the petitioner to file proof that a blocked financial investment account has been established with the settlement funds within thirty days of receiving said funds.

IT IS SO ORDERED.

DATED this 25th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE